IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert E. Major,
    Plaintiff,        Case No. 2:08cv434

v.               Judge Michael H. Watson

Michael J. Astrue,
Commissioner of Social Security,

    Defendant.

## ORDER

Plaintiff Robert E. Major brought this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security determining that he was overpaid approximately $17,740.20 in disability benefits for the period August 2000 to December 2001 because workers' compensation benefits he received were mistakenly not offset as required by 42 U.S.C. § 424a. This matter is before the Court on Plaintiff's objections to Magistrate Judge Abel's April 7, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that Plaintiff was overpaid disability benefits.

In 1994 Plaintiff was awarded disability insurance benefits ("DIB"), which he began receiving in May 1994. (R. 27.) On June 17, 1994, Plaintiff began receiving workers' compensation benefits from the Ohio Bureau of Workers' Compensation ("BWC") in the amount of $385.00 per week. (R. 27.) These he eventually settled for a lump sum in 1997. (R. 27.) Later, in 2000, Plaintiff applied for and received workers'

compensation benefits retroactive to November 1999 in the amount of $440.00 per week. (R. 29.)

On June 17, 2002, Plaintiff received a notice that his DIB had been overpaid for a period from August 2000 through December 2001 in the amount of $21,097.90, because his workers' compensation benefits had not been properly offset pursuant to 20 C.F.R. §404.408.[1] (R. 170.) Plaintiff requested reconsideration; on October 15, 2002, the Social Security Administration ("SSA") issued a response adjusting the amount of overpayment. (R. 33.) It issued a new notice on February 11, 2003, stating that Plaintiff had been overpaid in the amount of $17,740.20. (R. 35.) On March 31, 2003, Plaintiff was granted permanent and total disability by the BWC, reducing his weekly benefits to $392.67. (R. 152.)

On January 17, 2006, an administrative law judge ("ALJ") held a hearing, at which Plaintiff appeared, represented by counsel. (R. 12.) The ALJ concluded, on the issue of benefit reduction, that the SSA had generally used the correct weekly amount of workers' compensation, except that it had failed to notice an additional period of overpayment. The ALJ did not address the argument at bar, though Plaintiff's counsel apparently attempted to raise the issue during the hearing. (R. 217-225.)

Plaintiff's primary argument appears to be as follows. His original workers' compensation benefits were in the amount of $440.00. In March 2003, he was granted permanent and total disability by the BWC, and his benefits were then reduced to

---

[1] The Social Security Administration asserted that Plaintiff had failed to notify it of his receipt of workers' compensation benefits, and that he had stated when filing his 1994 claim that he had not filed and did not intend to file for such. (R. 26.)

2

$392.67. This figure is derived from the application of Ohio Revised Code §4123.58(A), which provides that:

> (A) In cases of permanent total disability, the employee shall receive an award to continue until the employee's death in the amount of sixty-six and two-thirds per cent of the employee's average weekly wage, but, except as otherwise provided in division (B) of this section, not more than a maximum amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code in effect on the date of injury or on the date the disability due to the occupational disease begins, nor not less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code in effect on the date of injury or on the date the disability due to the occupational disease begins, unless the employee's average weekly wage is less than fifty per cent of the statewide average weekly wage at the time of the injury, in which event the employee shall receive compensation in an amount equal to the employee's average weekly wage.

Plaintiff has attached exhibits to his objections demonstrating that, in 2000, the statewide average weekly wage was $589.00, and that two-thirds of that amount was $392.67. (Doc. 17 at 9.) However, Plaintiff's average weekly wage was $660.00. (Doc. 17 at 12.) Of this amount, 66.66% is $440.00. It is therefore apparent that the BWC applied the cap in §4123.58(A) in determining his new benefits of $392.67 as of March 31, 2003. He then notes O.R.C. §4123.58(B), which provides:

> (B) In the event the weekly workers' compensation amount when combined with disability benefits received pursuant to the Social Security Act is less than the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, then the maximum amount of weekly compensation shall be the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code. At any time that social security disability benefits terminate or are reduced, the workers' compensation award shall be recomputed to pay the maximum amount permitted under this division.

Plaintiff indicates that his DIB monthly rate on March 31, 2003 was $1,176.00, or $271.38 per week. (R. 76.) His workers' compensation benefits of $392.67, combined with his DIB of $271.38, make a total of $664.05 per week. However, $664.05 per week is not less than the statewide average weekly wage of $589.00. Therefore, §4123.58(B) is inapplicable. Plaintiff's maximum amount of weekly workers' compensation is capped by §4123.58(A) at $392.67, not by §4123.58(B) at $589.00.

20 C.F.R. §404.408(b)(2)(i) provides that DIB will not be reduced where "[t]he law or plan under which the periodic public disability benefit is payable provides for the reduction of that benefit when anyone is entitled to a benefit under title II of the Act on the basis of the earnings records of an individual entitled to a disability insurance benefit". Plaintiff argues, essentially, that Ohio's workers' compensation scheme does provide for the reduction of benefits in cases where an injured worker begins receiving DIB, because of the cap imposed by §4123.58(B). He asserts that his workers' compensation benefits were reduced from $440.00 to $392.67, and that he has proven that "this reduction in his WC benefits was due to receipt of his DIB." (Doc. 17 at 4.)

However, as the Magistrate Judge found, Plaintiff has not proven that this reduction was because Plaintiff receives DIB. The flaw in his argument can be found here in Plaintiff's August 1, 2008 Statement of Errors:

> Plaintiff's permanent and total disability compensation in his workers' compensation claim was originally $440.00 per week. Because the claimant is receiving Social Security Disability benefits his weekly rate of permanent and total disability compensation was reduced to $392.67.
>
> Plaintiff's temporary total compensation was payable at $440.00 per week through March 30, 2003. Plaintiff was declared permanently and totally disabled as of 03/31/03 and his weekly compensation rate was reduced to $392.67 per week. Therefore, pursuant to 20 CFR 404.408 there should

4

> be no workers' compensation offset in his monthly Social Security
> disability benefits.

(Doc. 9 at 4, citations omitted.) Plaintiff's temporary total compensation was payable at $440.00 per week pursuant to O.R.C. §4123.56(A), which provides in relevant part that a temporarily disabled worker receives 66.66% of his average weekly wage, but not more than the statewide average weekly wage ($589.00). Plaintiff was paid $440.00 per week on temporary disability because that was 66.66% of his average weekly wage of $660.00. The permanent total compensation statute, §4123.58(A), however, provides that a permanently disabled worker receives 66.66% of his average weekly wage, but not more than *66.66% of the* statewide average weekly wage ($392.67).

Plaintiff's benefits were "reduced" because he moved from temporary to permanent disability, not because he was additionally collecting DIB. Moreover, as noted above, the statute relating to adjustment of benefits because of collecting DIB, §4123.58(B), does not in any event apply to Plaintiff. The Court therefore rejects Plaintiff's argument.

Plaintiff also argues on appeal that his unemployment compensation benefits should be considered as earnings used to compute his average index pre-disability monthly earnings, because Social Security regulations provide that such earnings include "wages, compensation, self-employment income, and deemed miliary wage credits..." 20 C.F.R. §404.211(b). Plaintiff argues that "[c]learly unemployment compensation is compensation." (Doc. 9 at 3.) He notes that unemployment income is considered as part of federal adjusted gross income.

As Defendant points out, however, only compensation upon which FICA taxes are paid is used to determine a beneficiary's average indexed monthly earnings for Social Security purposes. See, e.g., 42 U.S.C. §415(b)(1)(A). Only these are "creditable to you for social security purposes." 20 C.F.R. §404.211. FICA taxes are paid upon remuneration for employment, not upon state unemployment benefits. *Appoloni v. U.S.*, 450 F.3d 185, 189 (6th Cir. 2006). That unemployment compensation is included when calculating federal adjusted gross income for purposes of income tax is immaterial. This argument is without merit.

For the foregoing reasons, and upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Report and Recommendation of the Magistrate Judge is **ADOPTED IN PART**. The decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter judgment for the Defendant. It is hereby **ORDERED** that this matter be **DISMISSED**.

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District